Vacated by Supreme Court, June 21, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4055**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RODNEY ANTON WILLIAMSON,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:06-cr-00474-NCT-1)

Submitted: July 9, 2009          Decided: July 20, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. David James, SMITH JAMES ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Anton Williamson was indicted, along with others, and charged with one count of conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (2006). The sealed indictment was issued December 18, 2006, and a warrant for Williamson's arrest was issued the following day. In January 2007, a confidential informant, acting in concert with law enforcement agents, met with Williamson while wearing a recording and transmitting device. At the conclusion of the meeting, law enforcement attempted to arrest Williamson on the outstanding warrant; however, he successfully evaded arrest.

Williamson was eventually apprehended and arraigned on June 12, 2007, and received court-appointed counsel. However, Williamson retained counsel who entered his appearance the following week. Williamson's case was called for jury selection on August 13, 2007. On that date, Williamson informed the court that, during the preceding weekend, he had retained different counsel and wanted his first retained attorney dismissed. After substitute retained counsel indicated that he was prepared to try Williamson's case two days after jury selection, the district court granted Williamson's motion to dismiss his first retained counsel.

2

At the conclusion of his jury trial, Williamson was convicted of the sole count in the indictment. Williamson was subsequently sentenced to life imprisonment.

On appeal, Williamson first claims the district court erred in admitting the recording of his meeting with the confidential informant. Williamson's claim is raised for the first time on appeal and is therefore reviewed for plain error. Plain error requires Williamson to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)). Williamson fails to establish that error occurred or that any error was "plain."

Williamson argues that, because a sealed indictment had been issued against him, introduction of his recorded conversation with an informant acting at the direction of law enforcement officers violated his right to counsel under the Sixth Amendment. In support for his argument, Williamson relies principally on Massiah v. United States, 377 U.S. 201 (1964),

3

and Brewer v. Williams, 430 U.S. 387 (1986). Williamson cites Brewer for the proposition that "[w]hatever else it may mean, the right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment'." Brewer, 430 U.S. at 398 (quoting Kirby v. Illinois, 406 U.S. 682 (1972)).

However, Williamson's selective quotation of Brewer fails to support his position. The State in Brewer did not contest the fact that judicial proceedings had begun against the defendant when he was questioned by the police without counsel present. Brewer, 430 U.S. at 399. Therefore, the question of precisely when judicial proceedings are instituted against a defendant was not before the Court. See Michigan v. Jackson, 475 U.S. 625, 629 (1986) (stating that the arraignment signals the initiation of adversary judicial proceedings and thus the attachment of the Sixth Amendment right to the assistance of counsel) (internal quotations omitted). Moreover, Brewer and Massiah are factually distinct from Williamson's case as officers in both cases interrogated the defendants after their respective arraignments. Brewer, 430 U.S. at 390-92; Massiah, 377 U.S. at 202.

4

In contrast, at the time of Williamson's conversation with the informant, all that had occurred was the issuance of a sealed indictment and arrest warrant.  This court has held that the Sixth Amendment right to counsel does not attach even after a defendant has been arrested based on the filing of a criminal complaint nor is the right triggered during the period between a defendant's arrest and his arraignment.  United States v. Alvarado, 440 F.3d 191, 200 (4th Cir. 2006); United States v. D'Anjou, 16 F.3d 604, 608 (4th Cir. 1994).  Accordingly, in light of Alvarado and D'Anjou, Williamson fails to demonstrate any error by the district court in admitting the recording of his conversation with the informant or that any such error was "plain" or "clear" under current law.  United States v. Brewer, 1 F.3d 1430, 1435 (4th Cir. 1993).

Williamson next contends that the district court abused its discretion by requiring his substitute retained counsel to go forward with the trial two days after he was retained in exchange for granting Williamson's motion to withdraw his first retained counsel.  Williamson appears to allege that the district court abused its discretion by denying his implicit motion for a continuance.  Williamson's argument is without merit.  First, both attorneys expressed to the district court that they were prepared to try Williamson's case two days after jury selection.  Additionally, the facts in the record,

including that Williamson did not request substitute counsel until the day of jury selection, indicate simply an eleventh hour attempt at delay by a defendant wishing to avoid having to face a potential life sentence. Therefore, the district court did not err in granting Williamson's motion to substitute counsel and denying Williamson's implicit motion for a continuance.

Finally, Williamson suggests his trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). The record here does not conclusively establish trial counsel's ineffective assistance.

Accordingly, we deny Williamson's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6